Christopher J. Boman (SBN 198798)
E-Mail: cboman@fisherphillips.com
Boris Sorsher (SBN 251718)
E-Mail: bsorsher@fisherphillips.com
Ashton M. Riley (SBN 310528)
E-Mail: ariley@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
EXEL, INC. dba DHL SUPPLY CHAIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| THOMAS WADE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXEL, INC. DBA DHL SUPPLY CHAIN, a company of unknown incorporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No:<br><br>*[Removed from San Bernardino Superior Court; Case No.: CIV SB 2130619]*<br><br>NOTICE OF FILING PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446<br><br>Complaint Filed: October 26, 2021<br>Trial Date: None Set |

TO PLAINTIFF AND HIS COUNSEL OF RECORD AND TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant EXEL INC. dba DHL SUPPLY CHAIN ("Defendant") through its counsel of record, submits this petition for removal of this case from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

## I. Statement of Jurisdiction

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action may be removed to this Court by Defendant pursuant to 28 U.S.C. 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. See 28 U.S.C. §§ 1332, 1441(a) and (b).

## II. Venue

2. This action was filed in the Superior Court of California for the County of San Bernardino. Thus, venue properly lies in the United States District Court for the Central District of California. See 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III. Plaintiff's Complaint

3. This lawsuit arises out of Plaintiff THOMAS WADE's ("Plaintiff") employment with Defendant and the cessation thereof. On October 26, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of San Bernardino, styled and captioned *Thomas Wade v. Exel Inc. dba DHL Supply Chain and Does 1 through 50*, which was assigned Case No. CIVSB2130619 ("Complaint"). In the Complaint, Plaintiff alleges seven causes of action for: 1) Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); 2) Harassment; 3) Failure to Accommodate; 4) Failure to Engage in a Good Faith Interactive Process; 5) Intentional Infliction of Emotional Distress; 6) Wrongful Termination in Violation of Public Policy; 7) Unfair Business Practices in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq. See* Declaration of Ashton M. Riley ("Riley Decl."), at ¶ 2-3, Ex. 1 (Plaintiff's Complaint is hereinafter referred to as "Compl.").

4. On December 15, 2021, Plaintiff served a copy of the Summons and Complaint and related papers, to Defendant's authorized agent for service of

process in California, CT Corporation System. Pursuant to 28 U.S.C. § 1446(a), correct copies of all process, pleadings, and orders served on Defendant are attached hereto as Exhibit "1" to the Riley Decl. at ¶ 3.

5. On January 14, 2021, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of California, asserting a general denial and affirmative defenses. Riley Decl. ¶ 4, Ex. 2.

6. As of the date of this Removal, no other pleadings or papers have been filed in this action other than the Removal, the documents filed as part of the Removal and Defendant's Answer to the Complaint. Riley Decl., at ¶ 3.

## IV. Timeliness of Removal

7. Defendant files this Notice within 30 days of service of the Complaint upon Defendant and, as no other defendants have been served on an earlier date, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the first defendant has been satisfied.

8. In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. §1446(b). Therefore, this Notice of Removal has been timely filed.

## V. Removal is Based On Diversity of Citizenship Jurisdiction

9. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

### A. There Is Diversity of Citizenship

10. At all relevant times, Plaintiff is, and was, a resident and citizen of the State of California. Plaintiff's Complaint expressly alleges he is and was at all times mentioned in the Complaint a resident of the County of San Bernardino, State of California. *See* Compl, at ¶ 3. For diversity purposes, a person is a "citizen" of

the state in which he is domiciled. See 28 U.S.C. § 1332 (a)(1); see also *Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)(confirming that a person's domicile is the place he resides with the intention to remain).

11. At the time this action was filed and at the time this Notice of Removal was filed, Defendant is and was a citizen of the states of Ohio and Massachusetts, within the meaning of 28 U.S.C. section 1332(c)(1) because it is now, and was, at all material times incorporated under the laws of the state of Massachusetts, and at all material times has maintained, and maintains, its principal place of business and headquarters in the state of Ohio. Declaration of Andrew Etter in Support of Defendant's Notice of Removal of Action ("Etter Decl."), at ¶¶ 3-4.

12. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

13. Due to the fact that Plaintiff's California citizenship is distinct from Defendant's Ohio and Massachusetts citizenships, complete diversity of citizenship exists between the parties. See 28 U.S.C. § 1332(a).

**B.     The Amount In Controversy Exceeds $75,000.00**

14. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

15. In determining the amount in controversy for diversity jurisdiction, all potential damages based on the claims in the complaint, as well as attorney's fees, are properly included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). In assessing the amount in controversy for diversity jurisdiction purposes, "a court must assume that the allegations in the complaint

are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." See *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal 2010) (internal citations omitted).

16. The status of the parties' citizenship and the amount in controversy can be determined from the complaint or from other sources. See *Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the facts of the complaint.").

17. In determining whether a complaint meets the $75,000.00 threshold detailed in 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages. See e.g., *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("In an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

18. "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 54 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(a). Supporting evidence is required only if the plaintiff contests, or the district court questions, the allegations contained within the notice. *Dark Cherokee,* 54 U.S. at 89. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal jurisdiction.

*Id.* at 87.

19. Plaintiff does not allege any specific amount in controversy in the Complaint. *See generally*, Compl. Because the amount in controversy is indeterminate, Defendant performed a preliminary analysis of its records for the purpose of calculating the amount in controversy in this action.

20. In the Complaint, Plaintiff alleges he was harassed and wrongfully terminated from his employment for numerous purportedly unlawful reasons and as such, he is entitled to "loss of income and loss of future earning capacity." Compl. at ¶¶ 44, 77. Similarly, under FEHA, Plaintiff's claim for discrimination makes available all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982). Based on Plaintiff's final rate of pay of $17.75 per hour, Plaintiff's lost wages would be approximately $81,650 (as of this filing, Plaintiff is seeking 115 weeks of lost wages at approximately $710 per week). *See* Etter Decl., at ¶¶ 5-6, Ex. 4.

21. Plaintiff also seeks to recover attorneys' fees. *See* Compl., at ¶¶ 37, 47, 55, 64, 84. Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018 *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the

statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). Defendant anticipates that depositions will be taken in this case and that Defendant may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

22. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability

1  discrimination case seeking lost earnings, emotional distress and punitive damages,
2  and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-
3  in-controversy requirement satisfied in employment discrimination case seeking
4  compensatory damages, punitive damages, emotional distress damages, injunctive
5  relief, and attorneys' fees).

6  23.  Defendant denies the validity and merits of Plaintiff's claims, the legal
7  theories upon which they are based, and the resulting claims for monetary and other
8  relief.  However, assuming Plaintiff's claims to be true for purposes of this removal
9  only, it is apparent from Defendant's calculations that Plaintiff seeks monetary
10 relief exceeding the jurisdictional minimum.  Specifically, Defendant's analysis,
11 based on its internal records, and the allegations set forth in the Complaint, reveals
12 that the amount in controversy for this action exceeds the statutory minimum under
13 diversity jurisdiction because Plaintiff's claim for lost wages is at a minimum
14 $81,650 and Plaintiff's additional damages for emotional distress and attorneys'
15 fees exceed $75,000.  *See* 28 U.S.C. § 1332(a); *see also* Etter Decl., at ¶¶ 5-6, Ex.
16 4.

17 21.  Thus, the matter in controversy here exceeds the sum or value of
18 $75,000.00, exclusive of interests and costs.

19 22.  Pursuant to 28 U.S.C. §§ 1332 and 1441(a), this state court action may
20 be removed to the United States District Court for the Central District of California
21 since it is more than likely that the amount in controversy exceeds $75,000.00,
22 exclusive of costs and interest, and because there was at the time this action was
23 filed, and there is now, diversity of citizenship between Plaintiff and Defendant.

24 **VI.  Notice to the Court and Parties**

25 23.  Promptly upon filing of this Notice of Removal in the United States
26 District Court for the Central District of California, written notice of such filing
27 will be given by the undersigned to Plaintiff's counsel of record and a copy of the
28 Notice of Removal will be filed with the Clerk of the Court for the Superior Court

of the County of San Bernardino, California.

Dated: January 14, 2022

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Ashton M. Riley*
Christopher J. Boman
Boris Sorsher
Ashton M. Riley
Attorneys for Defendant
EXEL, INC. dba DHL SUPPLY CHAIN

9
DEFENDANT'S NOTICE OF FILING PETITION FOR REMOVAL OF ACTION
FP 42725612.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On January 14, 2022, I served the foregoing document entitled **NOTICE OF FILING PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jake D. Finkel<br>Alexander Perez<br>LAW OFFICES OF JAKE D. FINKEL, APC<br>3470 Wilshire Blvd., Suite 830<br>Los Angeles, CA  90010 | Attorneys for Plaintiff<br>THOMAS WADE<br>T:  213-787-7411<br>F:  213-916-0521<br>E:  jake@lawfinkel.com<br>E:  alex@lawfinkel.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed January 14, 2022 at Irvine, California.

| Everlyn Camanag | By: */s/ Everlyn Camanag* |
|---|---|
| Print Name | Signature |

1
CERTIFICATE OF SERVICE

FP 42725612.1