# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
12/15/2021
CT Log Number 540741394

**TO:** Leslie DeMarco, Paralegal
Exel Inc.
360 WESTAR BOULEVARD
WESTERVILLE, OH 43082

**RE:** **Process Served in California**

**FOR:** Exel Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: THOMAS WADE, an individual // To: Exel Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2130619 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/15/2021 at 08:23 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2021, Expected Purge Date: 12/20/2021 |
| | Image SOP |
| | Email Notification,  Leslie DeMarco  Leslie.DeMarco@dhl.com |
| | Email Notification,  Rob Whipple  rob.whipple@dhl.com |
| | Email Notification,  Andrew Etter  andrew.etter@dhl.com |
| | Email Notification,  Mark Smolik  mark.smolik@dhl.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203 |
| | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
12/15/2021
CT Log Number 540741394

**TO:**  Leslie DeMarco, Paralegal
Exel Inc.
360 WESTAR BOULEVARD
WESTERVILLE, OH 43082

**RE:**  **Process Served in California**

**FOR:**  Exel Inc.  (Domestic State: MA)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Dec 15, 2021

**Server Name:**             Jennifer Shaouli

| Entity Served | EXEL INC. |
|---|---|
| Case Number | CIVSB2130619 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 08 2021

BY _Daisy Bailon_
DAISY BAILON, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EXEL, INC. DBA DHL SUPPLY CHAIN; a company of unknown incorporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THOMAS WADE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Bernardino District Courthouse- Civil Division<br>247 West Third Street, San Bernardino, California 92415 | CASE NUMBER: *(Número del Caso):*<br>CIVSB 2130619 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander Perez, Esq. (SBN: 304675); Jake D. Finkel, Esq. (SBN: 293954); Sheryl L. Marx, Esq. (SBN: 311475)
Law Offices of Jake D. Finkel, APC; 3470 Wilshire Boulevard, Suite 830, Los Angeles, CA 90010; Phone: 213-787-7411

DATE: DEC 08 2021      Clerk, by _Daisy Bailon_, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Alexander Perez, Esq. (SBN:304675); Jake D. Finkel, Esq. (SBN:293954)<br>Law Offices of Jake D. Finkel, APC<br>3470 Wilshire Blvd. Ste. 830<br>Los Angeles, CA 90010 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (213) 787-7411   FAX NO. *(Optional):* (323) 916-0521<br>ATTORNEY FOR *(Name):* Plaintiff, THOMAS WADE | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West 3rd St
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino District Courthouse- Civil Division

**OCT 2 6 2021**

BY _Daisy Bailon_
DAISY BAILON, DEPUTY

CASE NAME:
THOMAS WADE v. EXEL, INC. DBA DHL SUPPLY CHAIN, et. al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>**CIVSB 2130619** |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify):* 7 (disability discrimination, failure to accommodate, among others)

5. This case [ ] is   [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 26, 2021

Alexander Perez, Esq.
(TYPE OR PRINT NAME)                                    ▶ _[signature]_
                                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIV SB 2 1 3 0 6 1 9

THOMAS WADE

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

EXEL, INC. DBA DHL SUPPLY CHAIN, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino- Civil District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☑ General   ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other employment | Cause of action arose in this district |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

EXEL, INC. DBA DHL SUPPLY CHAIN                           9333 Hermosa Ave
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR           ADDRESS

Rancho Cucamonga                    CA                    91730
CITY                                STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on October 26, 2021       at   Los Angeles                                          , California.

_____
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

Jake D. Finkel, Esq. (SBN 293954)
jake@lawfinkel.com
Alexander Perez, Esq. (SBN 304675)
alex@lawfinkel.com
**LAW OFFICES OF JAKE D. FINKEL, APC**
3470 Wilshire Blvd. Suite 830
Los Angeles CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521
**Mailing Address**:
8605 Santa Monica Blvd, PMB 63688
W. Hollywood, CA 90069

Attorney for Plaintiff THOMAS WADE

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 2 6 2021

BY _____
DAISY BAILON, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| THOMAS WADE, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EXEL, INC. DBA DHL SUPPLY CHAIN; a company of unknown incorporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: CIVSB 2130619<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Discrimination in Violation of the Fair Employment and Housing Act;**<br>2. **Harassment;**<br>3. **Failure to accommodate;**<br>4. **Failure to Engage in a Good Faith Interactive Process;**<br>5. **Intentional Infliction of Emotional Distress.**<br>6. **Wrongful Termination in Violation of Public Policy;**<br>7. **Unfair Business Practices in Violation of Cal Bus. & Prof Code §§ 17200, et seq.;;**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff, THOMAS WADE, (hereinafter referred to as the "Plaintiff"), who hereby respectfully complains and alleges against as follows:

### INTRODUCTION

1.   Plaintiff brings these causes of action against his employers Defendants EXEL, INC. doing business as DHL SUPPLY CHAIN; (hereinafter "EXEL" or "Defendant"), (Defendants EXEL and [NAME] are collectively referred to herein as "Defendants.") (Plaintiff and Defendants are collectively referred herein as "Parties.")

2.   Plaintiff alleges claims for damages arising out of Defendant's violation of the California Labor Code and the Government Code, and other applicable laws and statutes, specifically: (1) Discrimination in Violation of the Fair Employment and Housing Act; (2) Harassment in Violation of FEHA; (3) Failure to accommodate; (4)  Failure to Engage in a Good Faith Interactive Process; (5) Intentional Infliction of Emotional Distress; (6) Wrongful Termination in Violation of Public Policy; (7) Failure to Provide Accurate Itemized Wage Statements.

### PARTIES

**The Plaintiff**

3.      Plaintiff THOMAS WADE is, and at all times herein mentioned was, a resident of the County of San Bernardino, of the State of California.  Plaintiff was hired by the Defendants from on or about May 24, 2009 through the end of his employment on October 28, 2019.  Plaintiff worked as a material handler and forklift driver.

**Defendants**

4.      Plaintiff is informed and believes, and based thereon alleges, that the EXEL, INC. doing business as DHL SUPPLY CHAIN, a company of unknown incorporation, was his employer at all times mentioned herein.  On information and belief, EXEL, INC. DBA DHL SUPPLY CHAIN is a business operating in good standing in the State of California, in the county of San Bernardino.

5.      Plaintiff is not aware of the true names and/or capacities of those entities or individuals sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants

by their fictitious names.  Plaintiff will seek leave of this Court to amend this Complaint to insert their true names and/or capacities when the same are ascertained.

6.     Unless otherwise specified herein, each DOE defendant was the agent and employee of each Defendant, and in doing the things hereinafter mentioned, were at all times acting within the course and scope of that agency and employment.

7.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, single enterprise, joint employer employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants.  Plaintiff also alleges the acts of each Defendant are legally attributable to the other defendants.

8.  Plaintiff is informed and believes, and based thereon alleges, that each of the  Defendants sued herein was, at all relevant times hereto, the employer, owner, shareholder, principal, joint venture, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other defendants.  The above co-defendants, managing agents, and supervisors aided, abetted, condoned, permitted, approved, authorized and/or ratified the unlawful acts described herein.

9.     Whenever and wherever reference is made in this Complaint to an act, error, omission or other conduct by a Defendant or co-Defendant, such allegations and references shall also be deemed to be the acts, errors or omissions of each Defendant acting individually, jointly severally or concurrently.

## JURISDICTION AND VENUE

10.     Jurisdiction is proper in this Court by virtue of the California statutes, decisional law and regulations, and the local rules under the San Bernardino County Superior Court Rules because both Plaintiff and Defendants reside in San Bernardino County, California.

11.     Venue in this Court is also proper because the subject matter of the causes of action alleged herein all took place in the city of Rancho Cucamonga, located in San Bernardino County, California.

## ADMINISTRATIVE PREREQUISITE

12.     At all times relevant, Defendants regularly employed five (5) or more persons, bringing Defendants within the provisions of Government Code section 12900, et seq., prohibiting employers or their agents from discriminating against or harassing its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity.

13.     Plaintiff exhausted his administrative remedies by timely filing a complaint against Defendants of discrimination based on race, national origin, color, family care or medical leave, disability, medical condition, and wrongful termination concerning the claims alleged herein with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued its Right-To-Sue Notice on October 26, 2020, (DFEH No. 202010-11614325) authorizing this lawsuit and Plaintiff timely filed this action within the prescribed period subsequent to issuance of the Right-To-Sue Notice letter. A true and correct copy of the Right to Sue letter issued by the DFEH on October 26, 2020 and its amendment are attached hereto as "**EXHIBIT A**." Plaintiff has, therefore, exhausted his administrative remedies and timely filed this action within the prescribed period subject to issuance of the Right-To-Sue Notice letter.

## FACTUAL ALLEGATIONS

14.     Plaintiff had been training for the position of lead since February of 2017. As a back-up lead, Plaintiff received training under Defendant Exel's then current lead, Deandre Spencer ("Spencer"), in preparation for advancing to the position of lead. When Spencer was promoted to the position of supervisor on or about early July 2019, Plaintiff, fully expected to be advanced to the position of lead.

COMPLAINT FOR DAMAGES

15.     With nearly 10 years working for EXEL, Plaintiff, who was 50 years old at the time, was shocked to discovered that the lead position he had spent years applying and preparing for, had instead been given to Bernardo (Last Name Unknown), who was much younger at 23-years of age and much less experienced than Plaintiff.  Bernardo had no formal training for the position compared to Plaintiff's more than 2 years of training under the then current lead while performing in the position of back-up lead. It is also important to note that, at this time, EXEL had four leads at the location where Plaintiff was employed, and that all four leads at that location were under 30 years old at that time.  It was clear to Plaintiff that EXEL preferred to employ younger persons, employees under 30 years of age, to the positions of lead.  Plaintiff also observed, during his employment, that EXEL terminated older employees at a higher rate than younger employees.

16.     On or about, August 5, 2019, Plaintiff experienced anxiety and an increase in blood pressure for which he sought medical treatment. As recommended by his medical provider, Plaintiff requested accommodations for his disabilities, including taking leave from work on or about August 5, 2019 to August 19, 2019.

17.     A mere three days after Plaintiff returned to work from his leave, he discovered that he had been placed on the company's measuring system implemented by EXEL to measure and track an employee's production and numbers based on the employee working full time. Plaintiff was surprised to find that DHL placed him on a measuring system in response to him taking disability leave from work.

18.     Despite EXEL normally notifying employees that they've been placed on the measuring system, they failed to notify Plaintiff. Instead, Plaintiff learned he was placed on the measuring system, just three days back from leave, when two of his superiors, Gus Gonzalez

("Gonzalez") and Louis Camacho ("Camacho"), notified Plaintiff that his production was in the negatives.  Plaintiff also received two write ups for seemingly minor issues that occurred a month prior. It was clear that Plaintiff was targeted for taking time off work for his disabilities and was now being written up for seemingly minor issues.  No retraining was offered to Plaintiff along with the written reprimands.

19.     Plaintiff had not been placed on EXEL's monitoring system in approximately 5-6 years.  Plaintiff was surprised and dismayed at EXEL responding to him taking medical leave by placing him on a measuring system, but he decided to keep his head down and keep on working because he needed his employment to preserve his financial security for himself and his family.

20.     Then on about September 20, 2019, Plaintiff tore two shoulder ligaments leading him to seek additional medical care.  Plaintiff's medical provider recommended he take three weeks disability-related leave from work as part of his treatment. Plaintiff communicated his request for accommodations for leave from work to EXEL's Human Resources Manager, Myla Sabanal-Romero ("Romero"), to ensure EXEL was informed of his request for accommodations.

21.     Upon his return from disability leave, Plaintiff was placed on a "sit-down" by his superiors, Spencer and Gonzalez. Plaintiff's superiors informed him that he was not making his expected numbers and reprimanded him with a write-up. Instead of adjusting the performance expectations for an employee who had been on leave from work, EXEL compared Plaintiff to a full-time employee.   EXEL made no adjustments to the performance expectations to accommodate for Wade's disability-related leave from work.  Despite Wade's complaint that he was being reprimanded for taking time off work for his disabilities, EXEL proceeded to reprimand him with a writeup.

22.     Approximately one week after the writeup, on or about October 28, 2019, General Manager, Regan Berry ("Berry"), called Wade into the office on his day off.  Upon his arrival, Berry and EXEL's Safety Manager, Robert Becerra ("Becerra"), terminated Wade under the pretext of a safety violation. Additionally, the "Termination Information" document that Berry and Becerra gave to Wade should have been completed with the reasoning for Wade's termination; however, it was left incomplete. Clearly, EXEL pretextually terminated Wade for relatively minor issues and discriminated and retaliated against him based on his age and disabilities.  Wade was unlawfully terminated just months prior to his full retirement vesting with EXEL.

## FIRST CAUSE OF ACTION

**Age and Disability Discrimination Under Government Code § 12940(a)**
**(Plaintiff against Defendant Exel, and Does 1-50, Inclusive)**

23. Plaintiff realleges by references the paragraphs above as though fully set herein.

24.     At all times herein mentioned, Government Code sections 12900-12999 were in full force and effect. These statutes, known as the California Fair Employment and Housing Act, make it unlawful for an employer in the State of California to discriminate against an employee based on his or her age or disability.

25.     At all times herein mentioned, Defendants, by and through some of its agents and employees, subjected Plaintiff to age and disability discrimination by reason of the facts alleged herein.

26.     The Fair Employment and Housing Act, Government Code section 12940, subsection (a), provides in pertinent part, "*It shall be an unlawful employment practice*, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of … physical disability, mental disability, medical condition, … sex, age or sexual orientation of any person to refuse to hire or employ the person or to refuse to select the

person for a training program leading to employment or to bar or *discharge the person from employment,* or *to discriminate against the person in compensation or in terms, conditions or privileges of employment*." (Emphasis added).

27.     Plaintiff is informed and believes that Defendants knowingly and/or intentionally discriminated against Plaintiff due to his temporary disability, resulting from stress and anxiety.

28.     Plaintiff's actual, perceived, and/or history of disability and/or other characteristics are protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in Defendants' decision to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

29.     Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

30.     Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics in addition to his age, in violation of Government Code section 12940(a);

31.     Failing to accommodate plaintiff's actual, perceived, and/or history of physical or mental disability, in violation of Government Code section 12940(m);

32.     Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

33.     Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(k);

34.     Discriminating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

35.     Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

36.     As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff based on his age and disabilities, Plaintiff has suffered and continues to suffer emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

37.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

38.     Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against Defendants.

## SECOND CAUSE OF ACTION
### Harassment in Violation of FEHA

### (Plaintiff against Defendant Exel, and Does 1-50, Inclusive)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

40.     At all times herein mentioned, Government Code section 12940, subdivision (j)(1), was in full force and effect. This statute, known as the California Fair Employment and Housing Act ("FEHA"), makes it unlawful for an employer in the State of California to harass an employee based on their age or disability, or create a hostile work environment.

41.     The Fair Employment and Housing Act, Government Code section 12940, subdivision (j)(1), provides, "*It shall be an unlawful employment practice*, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations

established by the United States or the State of California: (1) *For an employer,* labor organization, employment agency, apprenticeship training program or any training program leading to employment, or any other person *because of* race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, *sex,* age or sexual orientation *to harass an employee, applicant, or a person providing services pursuant to a contract.*" (Emphasis added.)

42.    Plaintiff is informed and believes that Defendants, by and through its agents and employees knowingly and/or intentionally subjected Plaintiff to unwanted harassing conduct because of his age and disabilities. Specifically, during the course of his employment, Defendant subjected Plaintiff to hostile social interactions in the workplace through writes ups and other forms of reprimand that affected the workplace environment because of the offensive message they conveyed to Plaintiff.

43.    The harassing conduct was sufficiently severe and pervasive as to materially alter Plaintiff's working environment which he considered hostile and abusive. Defendants harassing actions toward Plaintiff created an oppressive, hostile, intimidating, and/or offensive work environment for Plaintiff and interfered with his emotional well-being and ability to perform his duties.

44.    As a direct and proximate result of the aforementioned harassment under FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including, but not limited to, a loss of income and lost future earning capacity, all to his damage in an amount according to proof.

45.     As a further direct result of the aforementioned harassment under FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, severe emotional, and mental distress, pain and suffering, all to his damage in an amount according to proof.

46.     Defendant thorough its employees and/or agents o acted on behalf of Defendant. The acts and conduct of Defendants constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Code of Civil Procedure section 3294, subsection (c)), in that it was intended by Defendants to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, with a willful and conscious disregard of the rights of Plaintiff.

47.     Additionally, Plaintiff seeks reasonable attorney's fees and expenses under FEHA as well as punitive damages as a result of Defendants' knowing and/or intentional conduct.

### THIRD CAUSE OF ACTION
### Failure to Accommodate Under FEHA
### (Plaintiff against Defendant Exel, and Does 1-50, Inclusive)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

49.     Under FEHA, it is unlawful for an employer to "fail to make reasonable accommodation for the known or perceived physical disability."   Government Code section 12940(m).   Even if the employee's medical condition does not constitute a qualified disability, an employer must reasonably accommodate an employee whom it regarded as disabled.  *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 60–62.

50.     As discussed herein, Plaintiff requested an accommodation for his disability by way protected leave from work. Defendants by and through its agent and/or employees, refused to accommodate Plaintiff and simply denied Plaintiff with disability related time off work without reprimand or repercussion for taking time off work related to his disabilities.

51.     Defendants were aware that Plaintiff required a reasonable accommodation of his disability related medical leave and that he would be able to perform the essential functions of his job upon his return. Instead of granting Plaintiff job-protected leave, Defendants refused to allow Plaintiff time off work related to his disabilities as recommended by his medical provider without reprimand.

52.     As a direct result of this failure to accommodate, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including a loss of income and lost future earning capacity, all to her damage in amount according to proof.

53.     Moreover, Plaintiff has sustained, and will continue to sustain for a period of time, physical, emotional, and mental distress, pain and suffering, all to her damage in an amount according to proof.

54.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

55.     Pursuant to Government Code section 12965(b), Plaintiff requests an award of attorneys' fees in this action.

### FOURTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process**

**(Plaintiff against Defendant Exel, and Does 1-50, Inclusive)**

56.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

57.     FEHA requires an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for a reasonable accommodation by an employee with a known physical disability or medical condition.  Government Code section 12940(n).  The interactive process "centers on the employee-employer relationship so that capable employees can remain employed and so that their medical problems can be accommodated." *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 950.

58.     During his employment, Plaintiff suffered from a disability resulting from stress and anxiety. Defendants knew and were aware of Plaintiff's disabilities and his aforementioned request for disability related medical leave.

59.     Although being aware of his request for leave, Defendants failed to engage in the interactive process with Plaintiff. To the contrary, Defendant reprimanded Plaintiff for taking time off work and failed to discuss Plaintiff being able to take time off work related to his disabilities without reprimand.

60.     Had Defendants engaged in the interactive process with Plaintiff, the parties could have established the terms of Plaintiff's leave from work. By failing to engage in the interactive process, Plaintiff was not afforded the opportunity to take job protected time off work without reprimand.

61.     As a direct result of this failure to engage in the interactive process, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages including a loss of income and lost future earning capacity, all to his damage in amount according to proof.

62.     Moreover, Plaintiff has sustained, and will continue to sustain for a period of time, physical, emotional, and mental distress, pain and suffering, all to his damage in an amount according to proof.

63.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

64.     Pursuant to Government Code section 12965(b), Plaintiff requests an award of attorneys' fees in this action.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiff against Defendant Exel, and Does 1-50, Inclusive)

65. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

66.     "A  cause  of  action  for intentional infliction of emotional distress exists  when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe  or  extreme emotional distress;  and  (3)  actual  and  proximate  causation  of the emotional distress by the defendant's outrageous conduct.'" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051).

67.     Plaintiff alleges that Defendants' conduct as described hereinabove, was intentional, malicious, despicable, extreme and outrageous, without substantial justification, unprivileged, and was of the type and variety known to create severe emotional and mental distress.

68.     Defendants discriminated and harassed Plaintiff on the basis of his race, made racially charged comments towards him, created a hostile work environment, and retaliated against him by terminating him in response to Plaintiff engaging in protected activity. Defendant's conduct described herein was knowing and deliberate.

69.     As a result of Defendants' extreme and outrageous conduct described herein, Plaintiff has sustained severe emotional distress. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

70.     As a direct result of this intentional infliction of severe emotional and mental distress, Plaintiff has sustained and will continue to sustain for a period of time, emotional, and mental pain and suffering, all to her general damage in an amount according to proof.

71.     As a further direct result of this intentional infliction of severe emotional and mental distress, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages in an amount according to proof.

72.     Defendants Exel.,  fostered, ratified, and approved Defendants

extreme and outrageous conduct as described herein.  These acts and conduct, which were

extreme, outrageous, intentional, malicious, and oppressive were

designed to, and did, injure Plaintiff. Therefore, Plaintiff is entitled to an award of punitive

damages from Defendants in an amount according to proof.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Plaintiff against Defendant Exel, and Does 1-50, Inclusive)

73. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint
as though fully set forth herein.

74. At all times mentioned, the public policy of the State of California, as codified expressed
and mandated in California Government Code § 12940 prohibits employers from discriminating
and retaliating against any employee on the basis of his age or disability. The public policy of the
State of California is designed to protect all employees and to promote the welfare and well-being
of the community at large.

75. Prior to his termination, Plaintiff engaged in protected activity, including, but not limited
to, disability related protected leave from work.

76. Instead allowing Plaintiff to take time off work without reprimand, Defendants retaliated
and wrongfully terminated Plaintiff by writing him up as pretext for his termination, and then
terminating his employment.

77. As a direct result of the wrongful termination, Plaintiff has sustained, and will continue to
sustain for a period of time, compensatory damages including, but not limited to, loss of income
and loss of future earning capacity, all to his damage in an amount according to proof.  As a
further direct result of the wrongful termination, Plaintiff has sustained, and will continue to
sustain for a period of time, severe physical, emotional, and mental pain, suffering, and distress,
all to his general damage in an amount according to proof.

COMPLAINT FOR DAMAGES

78. The acts and conduct of Defendants, and each of them constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

79. The acts of Defendants, and each of them, were done fraudulently, maliciously, and oppressively, and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code § 3294 on the part of the Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

### SEVENTH CAUSE OF ACTION
**Unfair Business Practices**

**(Plaintiff against Defendant Exel, and Does 1-50, Inclusive)**

80. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

81.     At all relevant times, Defendants were was subject to the California Unfair Trade Practices Act, Business and Professions Code section 17200 et seq., which required them to abide by the Labor Code and FEHA.

82.     Defendants engaged in unfair trade practices prohibited Business and Professions Code section 17200 et seq., by committing acts prohibited by applicable Labor Code and FEHA, which include but is not limited to discriminating and terminating Plaintiff because of his and and disability,   resulting from engaging in protected activity, thus giving Defendants a

competitive advantage over other employers and businesses with whom Defendants were in competition with and who were in compliance with the law.

83.     As a direct and proximate result of Defendants' violations, Plaintiff's rights under the law were violated because she suffered monetary losses and emotional damages.  Plaintiff seeks special and general damages, together with injunctive relief to prohibit Defendants from violating the regulations alleged in this complaint, as well as any and all other available remedies.

84.     Plaintiff has incurred costs and attorney's fees in bringing this action and seeks to recover them.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     For special damages in an amount according to proof;

2.     For general damages in an amount according to proof;

3.     For attorneys' fees and expenses under California Labor Code, Government Code, and other applicable laws;

4.     For punitive damages in an amount according to proof;

5.     For prejudgment interest according to proof;

6.     For the costs of the suit herein incurred; and

7.     For all such other and further relief as this Court may deem just and proper.

Dated: October 26, 2021                    **LAW OFFICES OF JAKE D. FINKEL**

                                           By: _____
                                               Jake D. Finkel, Esq.
                                               Alexander Perez, Esq.
                                               Attorneys for Plaintiff THOMAS WADE

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff THOMAS WADE hereby demands a trial by jury.

3

4    DATED: October 26, 2021                    LAW OFFICES OF JAKE D. FINKEL

5

6

7                                      By:    _____

8

9                                             Jake D. Finkel, Esq.
                                              Alexander Perez, Esq.
10                                            Attorneys for Plaintiff, THOMAS WADE, an
                                              individual.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 26, 2020

Alexander Perez
3470 Wilshire Blvd, Suite 830
Los Angeles, California 90010

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202010-11614325
      Right to Sue: Wade / Exel Inc., dba DHL Supply Chain (USA)

Dear Alexander Perez:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 26, 2020

RE:  **Notice of Filing of Discrimination Complaint**
     DFEH Matter Number: 202010-11614325
     Right to Sue: Wade / Exel Inc., dba DHL Supply Chain (USA)

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 26, 2020

Thomas Wade
846 W. Ashland Street
Ontario, California 91762

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202010-11614325
       Right to Sue: Wade / Exel Inc., dba DHL Supply Chain (USA)

Dear Thomas Wade:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 26, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Thomas Wade                                                      DFEH No. 202010-11614325

Complainant,

vs.

Exel Inc., dba DHL Supply Chain (USA)
570 Polaris Parkway
Westerville, Ohio 43082

Respondents

---

1. Respondent **Exel Inc., dba DHL Supply Chain (USA)**  is an **employer Exel Inc., dba DHL Supply Chain (USA)** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Thomas Wade**, resides in the City of **Ontario,** State of **California.**

4. Complainant alleges that on or about **October 28, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202010-11614325*

Date Filed: October 26, 2020

1

2  **Additional Complaint Details:** Exel employed Thomas Wade ("Wade") from on or about
   May 24, 2010.  The company was then purchased or otherwise replaced by DHL Supply
3  Chain ("DHL") in or about April of 2013. Wade worked at DHL's Rancho Cucamonga
   location as a Material Handler, Forklift Operator, and Back-up Lead for the duration of his
4  employment.

5  On or about July of 2019, Wade experienced anxiety and an increase in blood pressure and
   heart related issues. Based on recommendations from his medical providers, Wade
6  requested an accommodation for his disability proceeded to go on leave from work for about
   a month. During this time, Wade provided two medical notes to DHL to keep his employer
7  fully apprised of when he would be returning to work.

8  As a Back-up Lead, Wade was training under a current Lead so that he could take over the
9  position once the current Lead got promoted to a Supervisor position.  However, jut prior to
   his leave from work, Wade discovered that the Lead position had been taken away from him
10 and granted to another younger and less experienced employee. The Lead position was
   given to a 23-year old gentleman, a man almost 30 years younger than Wade.  This younger
11 man had received no formal training for the position, compared to Wade's 2 years of formal
   training under a current Lead.   At this time, all four Leads at the Rancho Cucamonga
12 location were under 30 years of age.  Clearly, DHL discriminated against older employees
   by prioritized promoting younger less experienced leads and supervisors instead of
13 promoting older, more experienced employees such as Wad who was 51 years of age.

14 Upon his return to work from medical leave, Wade discovered that he has been placed on
15 DHL's measuring system. This measuring system is implemented by DHL to measure and
   track an employee's production and numbers throughout a 9-hour workday. Typically, back-
16 up leads are not placed on this measuring system.  No adjustment was made to the
   measuring system to account for Wade's time away from work resulting from his disability
17 related medical leave.  Additionally, while it is customary for the employer to notify the
   employee that their production is being monitored and for what reason, DHL failed to notify
18 Wade prior to placing him on the measuring system. Wade found out about his placement
   on the measuring system only after being notified that his production was in the negatives.
19
   Further,  Wade suffered two shoulder tears on or about September 20, 2019, resulting in
20 him going on an additional three weeks of medical leave.  Wade made sure to supply his
   employer with doctor's notes, to ensure that they knew when he would be returning to work.
21
   Upon his return, Wade's employer informed him that he was not making his expected
22 numbers, and consequently handed Wade a write-up. These number expectations were not
23 adjusted to accommodate for Wade's disability related medical leave periods, and his
   employers were comparing his numbers to those of full-time employees who had not taken
24 disability related medical leave or required accommodations for disabilities.  Nonetheless,
   DHL proceeded to reprimand Wade for his performance without taking account his disability
25 related accommodations.

26

27                                              -2-
                             *Complaint – DFEH No. 202010-11614325*
28
   Date Filed: October 26, 2020

1  Approximately 1 week after this encounter, Wade was called by DHL on or about, October
2  28, 2019, DHL informed Wade that he was being terminated for a safety violation. According
   to DHL's representative, Wade had moved a propane tank without wearing the appropriate
   safety gear and being terminated.   DHL terminated Wade for an issue that was not normally
3  a terminating offense, instead of offering to retrain Wade on the safety issue or providing a
4  write up.  Clearly, DHL used the safety issue and the performance evaluations as pretext to
   terminate an employee who required accommodations for his disabilities.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

*Complaint – DFEH No. 202010-11614325*

Date Filed: October 26, 2020

1   VERIFICATION

2   I, **Alexander Perez**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.

4   On October 26, 2020, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                          **Long Beach, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                                    -4-
27
                                   *Complaint – DFEH No. 202010-11614325*

28  Date Filed: October 26, 2020

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 27, 2020

Alexander Perez
3470 Wilshire Blvd, Suite 830
Los Angeles, California 90010

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202010-11614325
      Right to Sue:  / Exel Inc., dba DHL Supply Chain (USA)

Dear Alexander Perez:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Thomas Wade                                                    DFEH No. 202010-11614325

                              Complainant,

vs.

Exel Inc., dba DHL Supply Chain (USA)
570 Polaris Parkway
Westerville, Ohio 43082

Gus Unknown
,

Regan Berry
,

CAMACHO UNKNOWN
321 FRANCISCO STREET
CARSON, California 90745

                              Respondents
_____

1. Respondent **Exel Inc., dba DHL Supply Chain (USA)**  is an **employer Exel Inc., dba DHL Supply Chain (USA)** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Gus Unknown** as individual Co-Respondent(s).

Complainant is naming **Regan Berry** as individual Co-Respondent(s).

Complainant is naming **CAMACHO UNKNOWN** as individual Co-Respondent(s).

3. Complainant **Thomas Wade**, resides in the City of **Ontario,** State of **California.**

4. Complainant alleges that on or about **October 28, 2019**, respondent took the following adverse actions:

-1-
*Complaint – DFEH No. 202010-11614325*

Date Filed: October 26, 2020
Date Amended: October 27, 2020

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** Exel employed Thomas Wade ("Wade") from on or about May 24, 2010.  The company was then purchased or otherwise replaced by DHL Supply Chain ("DHL") in or about April of 2013. Wade worked at DHL's Rancho Cucamonga location as a Material Handler, Forklift Operator, and Back-up Lead for the duration of his employment.

On or about July of 2019, Wade experienced anxiety and an increase in blood pressure and heart related issues. Based on recommendations from his medical providers, Wade requested an accommodation for his disability proceeded to go on leave from work for about a month. During this time, Wade provided two medical notes to DHL to keep his employer fully apprised of when he would be returning to work.

As a Back-up Lead, Wade was training under a current Lead so that he could take over the position once the current Lead got promoted to a Supervisor position.  However, jut prior to his leave from work, Wade discovered that the Lead position had been taken away from him and granted to another younger and less experienced employee. The Lead position was given to a 23-year old gentleman, a man almost 30 years younger than Wade.  This younger man had received no formal training for the position, compared to Wade's 2 years of formal training under a current Lead.   At this time, all four Leads at the Rancho Cucamonga location were under 30 years of age.  Clearly, DHL discriminated against older employees by prioritized promoting younger less experienced leads and supervisors instead of promoting older, more experienced employees such as Wad who was 51 years of age.

Upon his return to work from medical leave, Wade discovered that he has been placed on DHL's measuring system. This measuring system is implemented by DHL to measure and track an employee's production and numbers throughout a 9-hour workday. Typically, back-up leads are not placed on this measuring system.  No adjustment was made to the measuring system to account for Wade's time away from work resulting from his disability

Date Filed: October 26, 2020
Date Amended: October 27, 2020

related medical leave.  Additionally, while it is customary for the employer to notify the employee that their production is being monitored and for what reason, DHL failed to notify Wade prior to placing him on the measuring system. Wade found out about his placement on the measuring system only after being notified that his production was in the negatives.

Further,  Wade suffered two shoulder tears on or about September 20, 2019, resulting in him going on an additional three weeks of medical leave.  Wade made sure to supply his employer with doctor's notes, to ensure that they knew when he would be returning to work.

Upon his return, Wade's employer informed him that he was not making his expected numbers, and consequently handed Wade a write-up. These number expectations were not adjusted to accommodate for Wade's disability related medical leave periods, and his employers were comparing his numbers to those of full-time employees who had not taken disability related medical leave or required accommodations for disabilities.  Nonetheless, DHL proceeded to reprimand Wade for his performance without taking account his disability related accommodations.

Approximately 1 week after this encounter, Wade was called by DHL on or about, October 28, 2019, DHL informed Wade that he was being terminated for a safety violation. According to DHL's representative, Wade had moved a propane tank without wearing the appropriate safety gear and being terminated.   DHL terminated Wade for an issue that was not normally a terminating offense, instead of offering to retrain Wade on the safety issue or providing a write up.  Clearly, DHL used the safety issue and the performance evaluations as pretext to terminate an employee who required accommodations for his disabilities.

-3-
*Complaint – DFEH No. 202010-11614325*

Date Filed: October 26, 2020
Date Amended: October 27, 2020

VERIFICATION

I, **Alexander Perez**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 27, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Long Beach, California**

-4-
*Complaint – DFEH No. 202010-11614325*

Date Filed: October 26, 2020
Date Amended: October 27, 2020



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Wade -v- Exel, Inc. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2130619 |

Law Offices of Jake D Finkel APC
3470 Wilshire Blvd
Suite 830
Los Angeles CA  90010

This case has been assigned to:  Khymberli S Apaloo in Department S25 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  06/08/2022  at 9:00 AM in Department S25 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date:  12/8/2021                          Nancy CS Eberhardt, Court Executive Officer

                                        By:  _Daisy Bailon_____
                                             Daisy Bailon, Deputy Clerk

----------------------------------------------------------------------
----------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  12/8/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 12/8/2021 at San Bernardino, CA.

                                        By:  _Daisy Bailon_____
                                             Daisy Bailon, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.: | |
|---|---|
| E-MAIL ADDRESS: | TRIAL SETTING CONFERENCE DATE: _____ |
| ATTORNEY FOR (Name): | UNLIMITED CASE: _____ |
| FAX NO. (Optional): | LIMITED CASE: _____ |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation?   Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination:**  Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐   No ☐   Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360                    **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

### INITIAL TRIAL SETTING CONFERENCE STATEMENT

CASE NUMBER:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes ☐ No ☐** Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360
Mandatory Form

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**



# **Alternative Dispute Resolution**

Alternate Dispute Resolution (ADR) provides an opportunity for parties to receive assistance reaching a resolution in their small claims, landlord tenant, civil, family law, probate case with a trained mediator.   The Inland Fair Housing and Mediation Board (IFHMB) provides in-person services for all case types listed above.   These services are available for the following court locations:

♦   San Bernardino Historic

♦   San Bernardino Justice Center

♦   Barstow

♦   Fontana

♦   Joshua Tree

Using ADR to resolve disputes can:

◊   Save time, since it can take a lot less time to work out and write up an agreement than go through a trial.

◊   Save money on attorney's fees, fees for expert witnesses and other expenses.

◊   More control over the outcome.  In ADR, parties participate more actively in creating a workable solution than leaving the decision up to a judge or a jury.  Also, it can create solutions that go beyond what the court can do.